In re the Marriage of Barbara A. ECK-
STEIN, Petitioner–Respondent,

v.

Martin H. ECKSTEIN,
Respondent–Appellant.

No. 53303.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 26, 1988.

Louis S. Czech, St. Louis, for respondent-appellant.

Allan H. Zerman, Clayton, for petitioner-respondent.

SATZ, Chief Judge.

This is a consolidated appeal from judgments entered in a dissolution case. Both the husband and the wife appeal from the trial court's maintenance award. The husband also appeals from an award, in a separate hearing, of attorney fees to the wife for her appeal. We affirm.

We view the facts in the light most favorable to the judgments. *Ware v. Ware,* 647 S.W.2d 582, 584 (Mo.App.1983). The husband and the wife married on September 12, 1959. There were three children born of the marriage all of whom are emancipated. They separated on September 22, 1985. On November 13, 1985, the wife petitioned for dissolution. Maintenance was the only issue contested by the

parties at the dissolution hearing. In its final decree, the trial court: (1) found the parties' Written Separation and Property Settlement Agreement (Separation Agreement) not unconscionable, incorporated it into the decree and (2) awarded the wife $1,200 per month maintenance, for an unlimited duration.

Both the husband and the wife appealed the maintenance award. Subsequently, the wife filed a motion in the trial court for additional attorney fees and expenses for appeal. This motion was heard by a judge who did not preside over the dissolution hearing. The wife was awarded $1000 in attorney fees for appeal.

On appeal, both parties argue the trial court erred in granting the $1200 per month maintenance award. The husband claims this award was excessive because of the income-producing property awarded to the wife and because of the wife's earning capacity. The wife claims the award was insufficient because her reasonable needs, as shown by her marital standard of living, are greater than those provided for by the maintenance award and property settlement. Moreover, the wife argues that the husband has the financial ability to pay additional maintenance on which she could maintain her marital standard of living. None of these arguments has merit.

Section 452.335 RSMo. 1986 sets out the statutory factors the trial court must consider in awarding maintenance.[1] The trial court not only has broad discretion in applying these factors, *see, e.g., In re Marriage of Witzel,* 727 S.W.2d 214, 216 (Mo.

---

1. Section 452.335 RSMo. 1986 requires the trial court to make a threshold determination of the wife's reasonable needs. This determination requires an assessment of "all relevant factors," including:

   (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

   (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

   (3) The standard of living established during the marriage;

   (4) The duration of the marriage;

   (5) The age, and the physical and emotional condition of the spouse seeking maintenance;

   (6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

   (7) The conduct of a party seeking maintenance during the marriage.

App.1987), it credits the witness and evaluates the merits of each parties' expense claims. *E.g., Trunko v. Trunko,* 642 S.W.2d 673, 674–75 (Mo.App.1982).

■ Viewing the evidence in this light, the record shows the wife's income requirements, based on her marital standard of living, were $3747 per month. At oral argument on appeal, however, wife's counsel admitted her monthly expenses might be as low as $2700, more than $1000 less than she originally claimed. Although the marital standard of living may provide some evidence of the wife's reasonable needs, it is only one of many factors the trial court must consider. § 452.335. The same is true of a husband's ability to pay a greater amount of maintenance. It is but one of several factors for the trial court to consider. Given the wife's own uncertainty regarding her reasonable needs and the broad discretion we must afford the trial court in fashioning a maintenance award, *see Witzel, supra,* we find no error in the court's determination that the wife's reasonable needs are between $2200 and $2300 per month.

The husband argues the wife could meet these reasonable needs without the maintenance award by properly investing her share of the marital property and by obtaining full-time employment. We disagree.

■ Under the parties' Separation Agreement, the wife received stock worth approximately $55,800. Although the stock generated about $4,800 in income during the year prior to the dissolution hearing, the husband's expert testified that the stock, if invested more speculatively, could produce as much as $7100 annual income. The trial court did not need to credit the husband's expert, and the wife need not consume or speculate with her property before she can receive a maintenance award. *See, e.g., Fausett v. Fausett,* 661 S.W.2d 614, 617 (Mo.App.1983). Thus, the trial court properly found that the stock would produce between $400 and

$500 monthly income for wife. In addition, the wife receives another $100 monthly interest from a note she received under the Separation Agreement. The trial court correctly added this amount to her income from stocks and found that the wife would receive interest and dividend income of $500—$600 per month.

Moreover, the trial court properly evaluated the wife's earning capacity. The wife testified that she divided her time between two part-time endeavors: Working as a sales clerk, in which she earned $4.10 hourly, and attending classes at a community college in pursuit of a medical technician's degree.

■ Admittedly, the wife has an affirmative duty to seek adequate employment in order to become self-supporting as soon as possible. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 856 (Mo.App. banc 1977). However, during the couple's marriage, the wife here had only been employed for a limited time as a sales clerk. According to her expert, she was capable of earning between $3.35 and $4.25 hourly as a full-time clerk. Based on this testimony, the trial court did not err in concluding the wife could reasonably be expected to earn $500 per month.

Thus, considering all of wife's income sources, the $1200 maintenance award is proper in light of wife's reasonable needs.

■ The husband next argues the trial court erred in granting maintenance for an unlimited duration. He contends the evidence showed the wife requires maintenance only for a limited period. First, he argues that the wife is currently capable of securing a job sufficient to meet her reasonable needs. Second, he insists that she will soon complete her education and, upon becoming a medical technician, will be able to support herself. The record does not support these contentions.

■ Whether a trial court should limit the term of a maintenance award hinges upon "... whether there was substantial

evidence at the time to justify imposition of the limitation." *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 802 (Mo. banc 1983). Contrary to the husband's contention, the record does not show the wife could satisfy her reasonable needs by her present earning capacity. Moreover, the evidence of the wife's enhanced earning capacity in the future was, as best, speculative. At the time of the dissolution hearing, she had earned only 24 of 65 credit hours required for a medical technician's degree. Furthermore, her expert testified that positions for medical technicians were scarce. Thus, the evidence simply does not justify the conclusion that the wife will realize any higher job-earning capacity. *See, e.g., Tygett v. Tygett,* 639 S.W.2d 282, 285 (Mo.App.1982).

■ The husband also contends the trial court erred by including in its maintenance award the term "support." Common sense dictates that the trial court intended for the term "support" to share the same meaning as "maintenance." Moreover, none of the issues of the case invited the trial court to consider an award of support. Yet, even if the court mischaracterized the award, we will not reverse if the court reached the correct result. *Davis v. Davis,* 687 S.W.2d 699, 701 (Mo.App.1985) (citing *Lalumondier v. County Court of St. Francois County,* 588 S.W.2d 197, 199 (Mo.App.1979). As previously noted, we have found nothing improper about the amount of the maintenance award.

Finally, the husband contends the motion court abused its discretion by ordering him to pay the wife's attorney $1000 to partially cover her attorney fees and expenses for this appeal. This order, husband argues, was improper for two reasons: (1) it violated the express contractual provisions regarding attorney fees in the parties' Separation Agreement and (2) the motion court failed to adduce any evidence of the wife's financial ability to pay for this appeal.

■ Unless a separation agreement provides to the contrary, the terms of the agreement are set out as part of the dissolution decree. § 452.325.4. The Separation Agreement here, signed by both parties and found not unconscionable by the court, contains the following provision:

3. The Respondent [Husband] shall pay Petitioner's [Wife's] attorney the sum of $6,500 as and for partial additional attorney's fees and the Respondent shall thereafter be not responsible for any or further attorney's fees for and on behalf of Petitioner.

However, the other provisions of the agreement do not expressly preclude modification. Without this express prohibition, the previous terms of the Separation Agreement remained decretal, rather than contractual and were subject to modification. *See, e.g., Berman v. Berman,* 701 S.W.2d 781, 785 (Mo.App.1985); *Brucker v. Brucker,* 611 S.W.2d 293, 296 (Mo.App. 1980).

Although the motion court had the authority to modify the decree of dissolution and, thus, to award the wife additional attorneys fees for appeal, it could not properly do so without any evidence of the wife's financial resources. *See In re Marriage of Sumners,* 677 S.W.2d 435 (Mo. App.1984). Indeed, before granting additional attorney fees on appeal, the motion court may also be required to adduce evidence of both parties' financial history since the dissolution. *Id.* at 436.

The motion here was not heard by the judge who heard the dissolution. The husband contends the motion court had no evidence of the wife's financial resources before it when it heard and ruled on her motion for attorney fees on appeal. The wife contends the motion court relied on the evidence of each parties' financial condition adduced at the dissolution hearing. We have been furnished, however, only the motion judge's handwritten order granting the wife's motion.[2] Thus, on the record before us, we have no way of determining which party is correct. If there were a

**2.** This order does not indicate whether record of the dissolution hearing was properly before the judge. As noted, even if it were, additional evidence of the parties' financial history since

record, it was the husband's duty to provide us with it. Rule 81.12(c).

For purposes of judicial economy, we have reviewed the evidence of the wife's financial resources produced at the dissolution hearing. After the division of property and maintenance award, the husband has significantly more disposable income than the wife. Of course, in evaluating this award of attorney fees, we not only considered the financial resources of the parties, *see Kieffer v. Kieffer,* 590 S.W. 2d 915, 918 (Mo. banc 1979), we also reviewed the quantity and quality of legal services rendered by the wife's attorney in connection with this appeal. We conclude the $1000 award is eminently reasonable. *See, e.g., Trapani v. Trapani,* 686 S.W.2d 877 (Mo.App.1985).

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.

the dissolution may have been required. *See In*

*re Marriage of Sumners, supra* at 436.