Linda Ann GIORDANO,
Petitioner–Respondent,

v.

Vincent James GIORDANO,
Respondent–Appellant.

No. 55748.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 1989.

Lawrence O. Willbrand, St. Louis, for respondent-appellant.

Nancy S. Everett, Clayton, for petitioner-respondent.

CRANDALL, Presiding Judge.

Husband, Vincent James Giordano, appeals from the decree of dissolution of marriage from wife, Linda Ann Giordano. We affirm.

Husband and wife were married in September 1968 and separated in November 1986. In December 1969, a daughter was born of the marriage. At the time of the dissolution, daughter was 18 years of age and a full-time college student. Wife was awarded primary custody of daughter.

Husband was employed by Anheuser–Busch, Inc. For the year of 1987, husband's annual gross earnings were about

$69,128. Wife's work experience during the marriage consisted of sporadic, part-time employment. She was receiving vocational training at the time of the separation, but discontinued such training when it became necessary for her to seek employment. At the time of the dissolution, she was working full-time as a specimen processor in a medical laboratory, but had been employed at this job for only a short period of time. Her gross salary was approximately $13,520 per year. Wife suffered from, and during the marriage was hospitalized for, obesity, depression and arthritis.

The trial court divided the marital property, making specific findings as to the value of only certain marital assets, as illustrated below:

### TO WIFE

| Property | Value |
|---|---|
| Marital home ($100,000 less mortgages of $54,318) | $45,682 |
| 1984 Volkswagon | |
| 1980 Mazda | |
| 50% of husband's pension | |
| Personal property | |
| Total of valued property | $45,682 |

### TO HUSBAND

| Property | Value |
|---|---|
| Anheuser–Busch deferred income stock plan # 1 | $31,765 |
| stock plan # 2 | 12,554 |
| Anheuser–Busch tax credit stock plan | 1,891 |
| 1982 Cadillac | |
| 1983 Chevrolet | |
| 50% of husband's pension | |
| Insurance policies | |
| Personal property | |
| Total of valued property | $46,210 |

The trial court also awarded wife $500 per month as maintenance and $700 per month as child support. The court ordered husband to pay $3,000 in wife's attorney's fees.

In his first point, husband contends that the trial court erred in awarding maintenance of $500 per month to wife. The trial court specifically found that wife was in poor health and without adequate means to support herself.

An award of maintenance is governed by § 452.335, RSMo. (Supp.1988). In determining the amount of maintenance, the trial court must balance the reasonable needs of the spouse seeking maintenance against the other spouse's capacity to pay. *Petty v. Petty,* 739 S.W.2d 738, 741 (Mo. App.1987).

At the time of dissolution, wife's income was substantially less than husband's. She possessed no marketable job skills and had been employed on a full-time basis only since the parties' separation. During the marriage, she had received medical treatment for obesity, depression and arthritis. In addition, the major asset which wife received was the family residence which was subject to two existing mortgages. She received no income producing property. *See Klenke v. Klenke,* 742 S.W.2d 621, 623 (Mo.App.1987). In contrast, not only was husband's salary substantially greater than wife's, but he also received stock plans which were capable of producing income.[1]

Further, wife's income and expense statement indicated that her monthly expenses were about $3,569. Wife's income, even including maintenance and child support payments, was not sufficient to meet her living expenses. The award of $500 per month clearly anticipated wife's seeking additional employment. There was sufficient evidence for the trial court to find that wife's reasonable needs required supplementation above the sums she was able to derive from the apportioned marital property and from appropriate employment. *See* § 452.335.1. The trial court did not abuse its discretion in awarding maintenance of $500 per month to wife. Husband's first point is denied.

In his second point, husband challenges the trial court's award of $700 per month in child support as excessive. Although § 452.340, RSMo. (Supp.1988) does not mandate that husband be responsible for the payment of college tuition, it does provide that if the child is attending college "the parental support obligation shall con-

1. It is immaterial that husband has withdrawn some funds from his stock plans. The withdrawal of funds occurred after the separation of the parties. The trial court was entitled to believe from the evidence that those assets were still available for husband's use.

tinue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs." Here, the award of child support closely approximated daughter's yearly college costs. There was evidence of wife's need for the child support and of husband's ability to pay. The trial court did not abuse its discretion in awarding the child support. Husband's second point is denied.

 In his third point, husband asserts that the trial court erred in awarding the family residence to wife. In dividing marital property, the trial court is required to make an equitable division; but it need not make an equal division. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983); *see also* § 452.330, RSMo. (Supp.1988). In the present case, it is clear that the trial court considered the value of the stock plans awarded to husband as equal to, and as an offset against, the equity in the marital residence awarded to wife. Further, because wife was awarded custody of the parties' daughter, it was desirable to award her the family home. *See* § 452.330.1(1). The trial court did not abuse its discretion in awarding the marital home to wife. Husband's third point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.