Judith Ann ROEDEL,
Plaintiff–Respondent,

v.

Anton C. ROEDEL,
Defendant–Appellant.

No. 56523.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 1, 1990.

Robert F. Summers, Claude Hanks, St. Louis, for defendant-appellant.

W. Morris Taylor, William Kieran Meehan, William W. Holland, St. Louis, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Anton C. Roedel (husband) appeals an order *pendente lite* granting Judith A. Roedel (wife) temporary maintenance, child custody and support, and attorney's fees. We reverse and remand.

The parties were married in 1966 and two children were born of the marriage. They separated in March, 1988, and husband left the marital home in April, 1988. Wife filed a petition for dissolution of marriage on April 21, 1988, and a motion for temporary maintenance, child custody and support, attorney's fees, and costs *pendente lite* on September 7, 1988.

The motion was heard on February 6, 1989. The next day the trial court, by filling in blanks in a pre-printed form, granted wife temporary maintenance of $1,000 per month, temporary custody and child support of $375 per month per child, and $1,500 in attorney's fees. Husband was also ordered to maintain health insurance on wife and the children and to pay the mortgage on their rental property. After the pre-printed line allowing for temporary maintenance were the handwritten words "retroactive to date of filing."

Several days later, husband received another copy of the order *pendente lite* (PDL) which was the same in all respects but one. Underneath the handwritten phrase "retroactive to date of filing" were the handwritten words "as to child support and maintenance." The additional phrase was dated "2/10/89" and initialed by the trial court. Husband moved to amend the PDL, but relief was denied and this appeal followed.

Husband's first point relied on alleges error in not receiving notice prior to the

February 10 amendment, as required by Rule 75.01.

Rule 75.01 states in part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard ..., vacate, reopen, correct, amend, or modify its judgment within that time." *See also Robert W. Streett, Inc. v. Elliott*, 753 S.W.2d 115, 117 (Mo.App.1988); *Terre du Lac, Inc. v. Black*, 713 S.W.2d 18, 21 (Mo.App.1986). A nunc pro tunc correction of a judgment, however, is an exception to the notice requirement of Rule 75.01. Rule 74.06(a); *Katz v. Katz*, 708 S.W.2d 816, 819 (Mo.App. 1986). "Nunc pro tunc proceedings may be used only to correct clerical mistakes in recording the judgment rendered[.]" *Overby v. Overby*, 682 S.W.2d 872, 873 (Mo.App. 1984). A nunc pro tunc entry cannot be used to correct judicial mistakes or oversights, or render a different judgment, even if the judgment actually rendered was not the intended judgment. *Missouri Highway and Transp. Comm'n v. Roth*, 735 S.W.2d 19, 21 (Mo.App.1987). In addition, a clerical error may be remedied only if there is some writing in the record which evidences the judgment as actually rendered in comparison to the entered judgment. *Day v. Day*, 719 S.W.2d 876, 878–9 (Mo.App.1986).

In this case, the original PDL order indicated that only temporary maintenance would be retroactive. The *sua sponte* amendment makes both maintenance *and* child support retroactive. This is more than a mere clerical error in recording the judgment. *See, e.g., Lansing v. Lansing*, 736 S.W.2d 554 (Mo.App.1987) (failure to include a legal description of the property); *First Nat'l Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975) (failure to add the letter "s" in writing the word "defendants"). Here, the record is devoid of any writing showing that the trial court originally intended both awards to be retroactive. In fact, the court's minutes support the original order that only temporary maintenance was to be retroactive. In short, the trial court's actions amounted to

a modification of the judgment, and husband should have been given notice and an opportunity to be heard prior thereto.

Even though husband's first point requires a reversal, we will address his other points in the interest of judicial economy and guidance on remand. Husband next asserts error in the award of retroactive temporary maintenance as violative of sections 452.315 and 452.335 RSMo.1986.

Section 452.335, which speaks to an order of maintenance in the final decree of dissolution, and § 452.315, which speaks to temporary maintenance, are both silent with regard to retroactivity. Husband argues we must construe this silence as prohibiting such an award. We disagree. In support of his argument husband relies upon *C.M.D. v. J.R.D.*, 710 S.W.2d 474 (Mo. App.1986) and *Kessler v. Kessler*, 719 S.W.2d 138 (Mo.App.1986). In both cases the court, addressing final dissolution decrees which included an award of retroactive maintenance, concluded that such an award was improper because § 452.335 speaks prospectively and not retrospectively. *C.M.D.* at 479, *Kessler* at 140. However, the rationale underlying these conclusions as expressed in *C.M.D.*, was that by failing to seek a ruling upon her PDL motion wife waived any claim she may have had for maintenance prior to final disposition of the dissolution action. *C.M.D.* at 479. Thus, it is apparent that these decisions are inapposite to this case which concerns retroactivity of a PDL award under § 452.315.

In *C.M.D.* the court found support for its ruling that failure to seek a temporary PDL award constituted a waiver of retroactivity in a final award in the pre-Dissolution Act case of *Matthes v. Matthes*, 464 S.W.2d 754 (Mo.App.1971). In ruling that the failure of § 452.070 RSMo.1969 to mention retroactivity regarding an award of alimony PDL did not preclude such an award, the Mathes court stated:

> We are unable to see any good reason why a court in the exercise of its sound discretion, where factual circumstances warrant, should not be permitted to make a support award pending the di-

vorce, effective as of the time the wife files her motion for such support. The obligation to support exists while the marriage is in being, and the purpose of an award pending the divorce is to provide the wife the means to sustain herself during the remainder of the marriage and to allow her to properly litigate the marital status. There is no reason why this right of necessary support should depend upon the condition of a court docket or the success of her husband in delaying a hearing. To so hold would place a premium on deliberate refusal of a husband to provide necessary support and allow economic coercion detrimental to the wife's defense. Even relatively brief delays between filing of motion and hearing could have serious consequences on a wife with no means. *Matthes* at 756.

We find this language persuasive and equally applicable to an award of temporary maintenance pursuant to § 452.315. A spouse who has devoted years of marriage to homemaking and who is economically dependent upon the other may be left utterly destitute upon separation. The consequences of delay caused either by court congestion or deliberately engineered by the other spouse, may be not only unjust but socially intolerable. Accordingly, we hold that an award of temporary maintenance under § 452.315, unless waived, may be made retroactive to the date the motion seeking such an award was filed.

 We agree with husband's contention that the order, made retroactive "to date of filing" without specifying whether "filing" refers to the petition or to the motion for temporary allowances, is so vague as to be unenforceable. *See Pettigrew v. Pettigrew*, 619 S.W.2d 364, 365 (Mo.App.1981). The cases cited above which hold that temporary PDL allowances are waived unless requested compel the conclusion that such awards may not be made retroactive beyond the date they are requested, i.e., the date the motion is filed. On remand, if the trial court determines a retroactive award of temporary allowances appropriate, a specific date for the commencement of the award should be set forth in the order.

■ Finally, we agree with husband's complaint that the trial court erred in failing to credit against the retroactive awards sums he had paid to or for wife between the time of separation and the time of the hearing. Wife admitted that she had received substantial sums during that period. The record does not, however, show agreement regarding the total amount paid; further, the allocation of amounts paid as maintenance, as child support, or as gifts is unclear. Husband should not be required to make double payments for maintenance and child support. Therefore, on remand, if the trial court determines that retroactive awards are appropriate, a determination of what husband has paid and how such payments should be allocated must be made and husband should receive credit for such payments.

The judgment is reversed and the caused is remanded for further proceedings consistent with this opinion.

HAMILTON, P.J., and STEPHAN, J., concur.