**Mary Ellen RYDER, Appellant,**

v.

**Edwin C. RYDER, Jr., Respondent.**

**Nos. 56316, 56634, 56672 and 56724.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1990.

Susan K. Roach, Roussin and Roach, Chesterfield, for appellant.

Michael C. Walther, Walther and Roberts, St. Louis, for respondent.

GRIMM, Judge.

Wife appeals a pendente lite order. She basically contends that the awards of child support, maintenance, retroactive maintenance, and attorney fees are insufficient.

Husband filed a cross-appeal. Husband contends that the awards of maintenance and attorney fees are excessive and that Missouri law does not authorize retroactive maintenance awards. We affirm.

Husband and wife were married June 14, 1981. In January, 1988, husband and wife separated; and wife filed her petition for Dissolution of Marriage.

Husband continued to support wife until April, 1988. In May, wife filed her PDL motion. She sought maintenance, child support, and attorney fees.

Following hearings in October, November, and December, 1988, and January, 1989, the court awarded wife maintenance. Husband was ordered to pay wife $4,250.00 per month, plus the monthly home mortgage payment of $1,222.31. The trial court also awarded wife $12,000.00 for retroactive maintenance.

Husband adopted one of wife's children from a previous marriage. That child, age 13 at the time of the hearings, attends a military school. For the months when the child is in school, husband was ordered to pay all school related expenses, plus $30.00 per week. For those months when the child is not in school, husband was ordered to pay $1,000.00 per month.

The trial court ordered husband to pay $17,000.00 of wife's attorney fees. In addition, wife was awarded $5,400.00 for suit money and costs.

## I.

Wife's brief contains four points relied on. In her first point, she contends that the child support award is insufficient. She alleges that the trial court failed to follow the Missouri Child Support Guidelines in setting its award. Wife argues that husband has an annual income of $500,000.00 or more. If the Guidelines were followed, she alleges the child support should be at least $4,000.00 per month.

We first observe that 38 exhibits were received in evidence. The parties, however, did not file any of those exhibits with this court. Since the exhibits were not filed, we consider them "as immaterial to the issues on appeal." Rule 81.15.

■ We make one further preliminary observation. Rule 88.01, entitled Presumed Child Support Amount, was adopted October 2, 1989. Thus, it was not in effect at the time of this PDL hearing. The "Missouri Child Support Guidelines," found in 735–736 S.W.2d (Missouri Cases) and 1 Mo. Family Law, § 14.16 (Mo.Bar 4th ed. 1988),

although useful, are not binding. See Hogrebe v. Hogrebe, 727 S.W.2d 193, 196 (Mo. App.E.D.1987) and 1 Mo. Family Law, § 14.15 (Mo.Bar 4th ed. 1988).

Our standard of review is set forth in the oft-cited Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). We accept as true the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and disregard contradictory evidence. Id. We acknowledge the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. Babe v. Babe, 784 S.W.2d 898, 899 (Mo.App.E.D.1990).

■ Husband testified that he "could be" receiving $12,177.00 a month. However, that amount included income from a $4,166.00 monthly payment on a note which had been in default for much of 1988. Thus, husband testified that he had about $8,000.00 monthly income. On the other hand, the parties income tax returns for several years apparently would indicate substantially more income.

The trial court found husband's monthly income in 1988 was approximately $12,-200.00. Further, it found this "amount has also been his approximate income in 1989 and will be his income in the foreseeable future." Although there was evidence which might support a different conclusion, the trial court had the prerogative to disbelieve that evidence.

■ Wife's brief states that the "expenses while the child ... [is in school for nine months] amounted to only" $26,540.00. This $26,540.00 added to the $3,000.00 for the three summer months makes the annual child support $29,540.00 or an average of $2,461.00 per month. Husband does not contest that award.

The Missouri Child Support Guideline Schedule of Basic Child Support Obligations, found in 735–736 S.W.2d (Missouri Cases), suggests a monthly award of $1,000.00 for one child where the combined monthly gross income is $10,000.00. The schedule does not suggest a method for

computing child support for parents whose income exceeds $10,000.00 per month. The amount awarded here, however, is almost two and one-half times the amount suggested for a $10,000.00 monthly income. Under any rational extension of the schedule, the awarded amount would exceed what the schedule would suggest for a $12,220.00 monthly income. Wife's first point is denied.

## II.

■ Wife, in her second point, asserts that the $4,250.00 monthly maintenance award "was not sufficient to maintain [her] in the standard of living that [she and husband] were accustomed to during the course of the marriage." Husband, in his cross-appeal, contends that the award was excessive and was against the weight of the evidence.

Section 452.315.5[1] authorizes a trial court to order "temporary maintenance or support in such amounts and on such terms as are just and proper in the circumstances." In awarding temporary maintenance, the trial court is to consider all relevant factors. §§ 452.315.5 and 452.-335.2.

As previously stated, the parties did not file any exhibits with this court. The legal file, however, does contain a statement of income and expenses. It is signed by wife and dated July 8, 1988. The trial transcript of wife's testimony refers to this statement, and such a statement was received in evidence as an exhibit.

On this statement, wife claimed average monthly expenses of $9,196.00. This included $3,900.00 for "Children in your custody." Wife, at the hearing, indicated that her monthly expenses were $9,900.00. In her brief, she suggests that the maintenance should be at least $13,000.00 per month.

Husband, on the other hand, asserts that any amount in excess of $1,000.00 per month is unreasonable. This is based on his contention that his monthly income is about $8,000.00. Since he must pay, on

average, $2,461.00 child support, this leaves him $5,539.00. If he must pay wife $4,250.00, he will have only $1,289.00 on which to live.

The trial court, however, found that husband's monthly income was approximately $12,200.00. It ordered husband to pay child support and maintenance totalling $6,717.00. After paying those awards, husband has approximately $5,483.00 per month for his expenses.

The award of maintenance, and the amount thereof, are matters resting in the sound discretion of the trial court. *Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo. App.E.D.1980). On wife's appeal of the award of maintenance, it is her burden to show that the award was so inadequate that it constituted an abuse of the trial court's discretion. *In re Marriage of Deatherage*, 595 S.W.2d 36, 40 (Mo.App.S. D.1980). On husband's appeal of this award, it is his burden to show that the award was so excessive that it constituted an abuse of the trial court's discretion. *Id.* Both parties failed to meet their burdens; and thus, their two points are denied.

## III.

Wife, in her third point, challenges the sufficiency of the retroactive maintenance award. She argues that the award should be retroactive to April, 1988, in an amount in excess of $4,250.00 per month. Husband, as the second point of his cross-appeal, contends the trial court "erred in awarding wife $12,000 in retroactive maintenance because Missouri law does not authorize a retroactive maintenance award."

■ Husband's second point has no merit. In *Roedel v. Roedel*, 788 S.W.2d 788 (Mo.App.E.D.1990), this court specifically recognized that "an award of temporary maintenance under § 452.315, unless waived, may be made retroactive to the date the motion seeking such an award was filed." *Id.* at 791.

Turning to wife's point, we first observe that wife does not refer us to any case which requires the trial court to award

1. All statutory references are to RSMo 1986, unless otherwise specified.

maintenance retroactively. *Roedel* does not require retroactive maintenance. Rather, it recognizes that such an award may be entered.

*Roedel* establishes the filing date as the earliest date for the awarding of retroactive maintenance. Wife filed her PDL motion on May 12, 1988. Under *Roedel,* the maintenance award could not be made retroactive to a date earlier than this. *Id.* *Roedel* does not, however, mandate that the award relate back to the filing date. Rather, the trial court has discretion in determining when such maintenance should begin, and in what amount.

In *Stitt v. Stitt,* 617 S.W.2d 645 (Mo.App. W.D.1981), the court reviewed a trial court's refusal to make a child support award retroactive. The *Stitt* court said, "as opposed to adopting an inflexible rule that such modifications be made retroactive to a prescribed date ... such determination is best left to the discretion of the circuit court, thus enabling the court to consider all factors relevant to the issue and to in turn balance the equities as called for by the particular facts and circumstances of each case. *Id.* at 648. Although *Stitt* involved the retroactivity of a child support award, we find the court's reasoning equally applicable to cases involving the award of retroactive maintenance.

Additionally, the evidence indicates that husband paid $1,000.00 per month to wife from April through October, 1988. The trial court awarded wife an additional lump sum of $12,000.00. We do not discern any reason why the award of retroactive maintenance may not be a lump sum. Wife has not demonstrated that the trial court abused its discretion in making this award.

We deny both wife's and husband's points as they relate to the award of retroactive maintenance.

## IV.

Wife, in her fourth point relied on, complains that the attorney fees which husband was ordered to pay to wife's attorney were insufficient. Husband, as the third point on his cross-appeal, complains that the fees are excessive.

The award of attorney fees may be reviewed only for an abuse of discretion. *Stegemann v. Fauk,* 571 S.W.2d 697, 701 (Mo.App.E.D.1978). We find no abuse of discretion, and both points are denied.

The judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.