**Hildon C. FRANCIS,
Petitioner/Appellant,**

v.

**Edna A. FRANCIS, Respondent.**

**No. 59298.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 1991.

---

Dwight Robbins, Fredericktown, for petitioner/appellant.

William B. Beedie, Farmington, for respondent.

AHRENS, Judge.

In this dissolution case, husband appeals from the trial court's judgment awarding wife retroactive maintenance pendente lite, and permanent maintenance. We affirm.

Husband and wife were married December 21, 1957. On September 20, 1989, the couple separated. Husband took one-half of the couple's $34,000 savings, and paid wife $150 per week support from the separation date until April 1990.

Husband filed a petition for dissolution on February 26, 1990. On May 25, 1990, wife filed a motion for temporary maintenance. Following a hearing on September 13, 1990, the trial court granted wife's motion and ordered husband to pay $890 per month temporary maintenance, retroactive to the filing of wife's motion.

The dissolution hearing was held on October 12, 1990. Following the presentation of evidence, the trial court, *inter alia*, granted wife's request for maintenance and ordered husband to pay wife $700 per month.

## I.

In his first point, husband asserts the trial court erred in awarding wife $890 per month temporary maintenance retroactive to the filing of her motion. Husband alleges wife "waived her right to temporary maintenance at least until the date she noticed her motion for hearing," and wife's "need for maintenance [pendente lite] did not exceed $380 per month...."

### A. Waiver of right to temporary maintenance

■ "[A]n award of maintenance under § 452.315 [RSMo 1986], unless waived, may be made retroactive to the date the motion seeking such an award was filed." *Roedel v. Roedel*, 788 S.W.2d 788, 791 (Mo.App. 1990). The trial court has discretion in determining when temporary maintenance should begin. *Ryder v. Ryder*, 795 S.W.2d 411, 414 (Mo.App.1990). Husband maintains that in failing to take up her motion, wife waived any right to retroactive maintenance from May 25, 1990, when she filed the motion until she filed a notice of hearing on August 29, 1990.

■ On the same day wife filed her motion, husband filed an application for change of judge. The case was not reassigned until July 3, 1990. Wife's notice of hearing on the motion was filed August 29, 1990. On these facts, wife did not waive her right to retroactive temporary maintenance. We find no abuse of discretion in the trial court's determination that wife was entitled to temporary maintenance retroactive to the date she filed the motion.

### B. Amount of temporary maintenance

■ Husband contends wife was entitled to no more than $380 per month temporary maintenance, and the "trial court erred in taking into account all but the basic needs of [wife]."

"The purpose of temporary allowances is to maintain the status quo pending final judgment." *Cross v. Cross*, 790 S.W.2d 928, 929 (Mo.App.1990). The effects of temporary maintenance allowances "do not extend beyond the final hearing of the case"; therefore, an appellate court is "ex- tremely cautious about altering such allowances...." *Id.* "Trial courts historically are clothed with broad discretion in determining the amount to be awarded as maintenance." *Id.* at 930 (quoting *In re Marriage of Deatherage*, 595 S.W.2d 36, 40 (Mo.App.1980)). Accordingly, we review the record "only to determine if a manifest abuse of such discretion appears." *Cross*, 790 S.W.2d at 930. (quoting *Deatherage*, 595 S.W.2d at 40). Husband has the burden of showing the temporary maintenance award "was so excessive that it constituted an abuse of the trial court's discretion." *Ryder*, 795 S.W.2d at 413.

Under § 452.315 a temporary maintenance allowance is to be made in conformity with § 452.335 RSMo Supp.1989. The factors to be considered in determining the amount of maintenance are set forth in § 452.335.2. "In determining the amount of maintenance, the trial court must balance the reasonable needs of the spouse seeking maintenance against the other spouse's capacity to pay." *Giordano v. Giordano*, 772 S.W.2d 407, 408 (Mo.App. 1989).

Based on the evidence presented at the motion hearing, the trial court found husband had a gross monthly income of $3,226. The trial court found husband's reasonable monthly expenses were $1,956.

The trial court determined wife had $712 gross monthly income from interest and temporary employment, while her reasonable monthly expenses were $1,602. Husband contends wife had "basic needs" of only $884 per month. In the interest of judicial economy, we will not detail the income and expenses claimed by each party. We have carefully reviewed the testimony and exhibits presented at the motion hearing. In light of that evidence, the trial court's award of temporary maintenance did not constitute an abuse of discretion. Point one is denied.

## II.

■ In his second point, husband asserts the trial court's award of $700 per month maintenance is excessive. Husband con-

tends wife's "monthly maintenance need did not exceed $425, and that maintenance should be limited to a period [of] three (3) years...."

The trial court found husband earns a gross monthly income of $3,226. Husband's reasonable monthly expenses total $1,457. The trial court found wife earns a gross monthly income of $712, and has reasonable monthly expenses of $1,435. Husband contends wife is presently able to earn $736 per month, and has reasonable expenses of $1,100 per month.

"The trial court has broad discretion in determining the amount of a maintenance award and the appellate court will not interfere unless it appears that the trial court has abused that discretion." *Bidstrup v. Bidstrup*, 750 S.W.2d 712, 713 (Mo.App. 1988). The trial court was required to balance wife's reasonable needs against husband's capacity to pay. *Giordano*, 772 S.W.2d at 408. "To warrant appellate interference, the amount of maintenance must be patently unwarranted and wholly beyond the means of the spouse who pays." *Petty v. Petty*, 739 S.W.2d 738, 741 (Mo.App.1987).

Again, in the interest of judicial economy, we will not detail the income and expenses claimed by the parties. There is sufficient evidence in the record to support the trial court's determination that wife could not meet her reasonable needs through the apportioned marital property and her employment. We find no abuse of discretion in the trial court's award of $700 per month maintenance.

Husband contends the trial court's decree "reeks of judiciary advocacy, not the requisite detached bipartism [sic] review expected of the judiciary." We find this contention wholly without merit. The decree merely sets forth the trial court's specific findings after careful consideration of the evidence and relevant factors.

■ Likewise, we find no merit in husband's contention that "the trial court awarded excessive maintenance to punish [husband] for perceived misconduct, i.e., the affair with his secretary." Under § 452.335.2(9) the conduct of the parties during the marriage is a factor a trial court is to consider in awarding maintenance. In light of the parties' respective resources and needs, the maintenance award was not excessive.

■ Husband's final contention is that the trial court should have limited maintenance to a period of three years, because "[wife] could receive training to become self-sufficient within a three (3) year period."

Since 1968, wife has been undergoing treatment for depression. She suffers from arthritis in her neck, back, and hip. At the time of the dissolution hearing, wife, age 51, was a temporary employee earning $4.00 an hour. She seldom worked a full forty-hour week, and she was subject to periodic layoffs. As a temporary employee, wife had no employer-provided health benefits. The trial court found that periodically during the marriage wife had worked as a laborer earning slightly more than minimum wage, but she has no significant marketable skills which would permit her to obtain a higher paying job.

Wife has "an affirmative duty to seek adequate employment in order to become self-supporting as soon as possible." *Eckstein v. Eckstein*, 748 S.W.2d 945, 947 (Mo. App.1988). A vocational evaluator testified that within three years wife could be retrained for a job which would pay $7.00 to $10.00 an hour. Husband maintains that, based on his calculation of wife's reasonable needs, wife could meet those financial needs through such employment.

"Whether a trial court should limit the term of a maintenance award hinges upon '... whether there was substantial evidence at the time to justify imposition of the limitation.'" *Id.* at 948 (quoting *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 802 (Mo. banc 1983)). There was no evidence wife had been formally assessed for purposes of developing a retraining plan. In light of wife's emotional and physical problems, we agree with the trial court that the testimony regarding retraining and increased earning capacity was speculative. As in *Eckstein*, the evidence in this case

"does not justify the conclusion that the wife will realize any higher job-earning capacity." *Eckstein,* 748 S.W.2d at 948. The trial court properly evaluated wife's earning capacity and did not abuse its discretion in its award of maintenance. Point two is denied.

The trial court's judgment is affirmed.

KAROHL and SMITH, JJ., concur.