**Affirmed and Opinion Filed April 12, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00696-CV

### PAULA WICKLIFFE, Appellant
### V.
### CHARLES TOOLEY, Appellee

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-14-04150-1**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Chief Justice Wright

Appellant appeals from the trial court's order granting appellee's motion for summary judgment and denying her bill of review. In her sole issue, appellant asserts the trial court erred in granting summary judgment because equity requires an exception to the traditional elements of a bill of review. We overrule appellant's sole issue and affirm the trial court's judgment.

In her sole issue, appellant asserts the trial court erred in granting appellee's motion for summary judgment because the circumstances of this case are so extraordinary that it would work a grave injustice to hold appellant to the traditional elements of a bill of review proceeding. We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

Appellee filed suit to set aside a warranty deed that Lillian Yanko conveyed to appellant. Appellant was served, but failed to answer. Appellee obtained a default judgment against appellant. Appellant filed a motion for new trial that was overruled by operation of law. Appellant filed her petition for bill of review, and the court granted appellee's motion for summary judgment on appellant's bill of review. Appellant contends a series of medical issues rendered her unavailable to participate in a hearing on her motion for new trial before it was overruled by operation of law.

After a trial court loses plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. TEX. R. CIV. P. 329b(f). A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for a new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Generally, a party seeking to invoke a bill of review must plead and prove: (1) a meritorious claim or defense to the cause of action that supports the judgment; (2) that he was prevented from making by fraud, accident or the wrongful act of the opposing party; (3) unmixed with any fault or negligence of his own. *Ortega v. First RepublicBank Fort Worth, N.A.*, 792 S.W.2d 452, 453 (Tex. 1990). Courts watch bills of review seeking relief from judgments with "extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done." *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950).

Under certain circumstances, a bill of review petitioner may be excused from proving one or more of these requirements. When a judgment is rendered without proper notice, the meritorious claim or defense requirement is excused. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988). To the extent the bill of review petitioner has been injured by reliance on an official court

functionary who improperly executes his official duties, he is excused from showing the wrongful conduct, fraud, or accident of the opposing party. *Transworld Fin. Servs. v. Briscoe*, 772 S.W.2d 407, 408 (Tex. 1987). The bill of review petitioner, however, still must show his failure to file a motion for new trial or appeal was not due to any fault or negligence on his part. *See Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974).

Appellant concedes that she cannot produce evidence that satisfies the second or third elements of a bill of review. Instead, appellant asks that this Court create an exception where none exists on the grounds of equity due to appellant's medical difficulties. While appellant's medical issues are unfortunate, perhaps the supreme court of Texas said it best:

> A bill of review proceeding is an equitable one designed to prevent manifest injustice. But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments. The litigating parties are entitled to know when the contest is at an end . . . .

*Hanks v. Rosser*, 378 S.W.2d 31, 33 (Tex. 1964). While our decision yields difficult results, it is a necessary one when weighing the consideration of finality to judgments. In light of our state's fundamental public policy favoring the finality of judgments, we decline appellant's invitation to recognize an exception to the current requirements in a bill of review proceeding.

Appellant failed to present any summary judgment evidence demonstrating that appellee prevented her from asserting a meritorious defense to voiding of the warranty deed by fraud, accident, or wrongful act, unmixed with any fault or negligence of her own. Thus, she raised no genuine issue of material fact as to the second and third elements of a bill of review. As such, the trial court properly granted summary judgment when appellant could not plead and prove each element of their bill of review.

We overrule appellant's sole issue, and affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

150696F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PAULA WICKLIFFE, Appellant

No. 05-15-00696-CV     V.

CHARLES TOOLEY, Appellee

On Appeal from the Probate Court No. 1, Dallas County, Texas
Trial Court Cause No. PR-14-04150-1.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHARLES TOOLEY recover his costs of this appeal from appellant PAULA WICKLIFFE.

Judgment entered April 12, 2016.