Dora **PFEIFER**, Petitioner–Appellant,

v.

Michael A. **PFEIFER**,
Respondent–Respondent.

No. 57326.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 1, 1990.

Jonathan L. Downard, Union, for petitioner-appellant.

Gerald J. Harvath, Pacific, for respondent-respondent.

KAROHL, Judge.

On July 19, 1985 the court decreed a dissolution of the marriage of Dora Pfeifer and Michael A. Pfeifer. The court awarded joint custody of three children with actual custody to alternate annually. On September 15, 1988 the court entered a decree of modification which awarded "exclusive actual physical custody" of all three minor children to father with temporary custody for mother on certain weekends, certain holidays, and "from June 15, to August 15 each year." The modification decree did not mention temporary custody for father during June, July and August. On June 28, 1989, more than nine months after the decree of modification was entered, father filed a motion for Nunc Pro Tunc Order. On August 28, 1989 the court concluded "scribner's [sic] errors exist in the modification decree of 9–15–89 [sic]." The court then amended wife's temporary custody from the period June 15 to August 15 each year by ordering father "to be afforded temporary custody on the 1st and 3rd weekends 6:00 p.m. Friday to 6:00 p.m. Sunday." Mother appeals. The sole issue in this case is whether the trial court erred by entering a Nunc Pro Tunc Order on August 28, 1989.

It is well established that correction of the record Nunc Pro Tunc more than thirty days after the entry of a final judgment is not barred by Rule 75.01. *Cruces v. State*, 452 S.W.2d 180, 184 (Mo. 1970). However, an Order Nunc Pro Tunc "may be used only to correct clerical mistakes in recording the judgment rendered, and may not be used to correct judicial mistakes, or to show what the court intended to do but did not do." *Overby v. Overby*, 682 S.W.2d 872, 873 (Mo.App.1984). It is presumed the judgment entered is not the result of clerical error and is the judgment the court rendered. *Warren v. Drake*, 570 S.W.2d 803, 806 (Mo.App.1978). To overcome this presumption respondent must provide this court with competent evidence indicating a different judgment was in fact entered. *In re Marriage of Royall*, 569 S.W.2d 369, 370 (Mo.App.1978). Without such a showing the Nunc Pro Tunc Order is invalid.

A long line of Missouri cases hold that a record sufficient to support a corrective entry must be evidenced by some entry in the judge's minutes, the clerk's entries, or some other paper in the case showing facts which authorize a correction. *Warren*, at 806. The judge's memory or parol proof derived from another source is an improper basis for an Order Nunc Pro Tunc. *Id.*

Here, the record contains nothing indicating a mistake resulted from clerical error. There are no docket entries, judge's minutes, or any other paper in the record which supports a Nunc Pro Tunc Order. The conclusion that scrivener errors occurred is unsupported by the record as it existed at the time the modification decree was entered. The absence of a provision in the decree of modification for temporary custody with father was a matter that the parties or the court could have amended within thirty days after September 13, 1988. Rule 75.01. No such amendment was made. The Nunc Pro Tunc Order changes the rights of the parties. It corrects a judicial, not a clerical mistake, if a mistake was made. Father's motion was based on his "belief" that failure to include language regarding his "right" to have the children on alternate weekends during the summer was "a typographical error or oversight." A Nunc Pro Tunc Order may be used to correct typographical errors but not a judicial oversight. The Nunc Pro Tunc Order is invalid because father wholly

failed to sustain his burden of proving by competent evidence in the record that a clerical error was made when the court failed to include what may have been intended as an additional provision in the decree. Father's remedy may lie in a motion to modify, not with a Nunc Pro Tunc Order.

We reverse.

PUDLOWSKI, P.J., and CRANDALL, J., concur.