**Deborah ANDRAE n/k/a Debbie Andrae, Appellant,**

v.

**David ANDRAE, Respondent.**

**No. ED 85639.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 13, 2005.

Patricia K. Susi, Janet Catalona, The Catalona Law Firm, L.L.C., Attorneys at Law, Clayton, MO, for appellant.

Greg L. Roberts, The Roberts Law Firm, P.C., Chesterfield, MO, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Deborah Andrae n/k/a Debbie Andrae ("Wife"), appeals the judgment of the Circuit Court of St. Louis County sustaining Respondent's, David Andrae ("Husband"), nunc pro tunc motion. The judgment nunc pro tunc ordered that the amended judgment of dissolution of marriage entered on May 18, 2004 be amended to correct the judgment to read that all uninsured health expenses of the minor children shall be paid 50% by Husband and 50% by Wife. We reverse and remand.

Husband and Wife were married on August 27, 1982. Wife works as an instructor for software applications, and she is employed by Insituform Technologies, Inc. Husband is employed by the Rockwood School District. His job entails management of in-house construction jobs for the Rockwood School District. Two children (Aarica Andrae, born December 29, 1989, and Jaime Andrae, born June 29, 1993) were born of the marriage. On June 12, 2002, Wife filed her petition for dissolution of the marriage.

A bench trial was conducted in October of 2003. On January 20, 2004, the court entered its judgment of dissolution of marriage. The court found that it was in the best interests of the children that Husband and Wife share joint legal and physical custody of the two children. The court further found that Wife's income was $5,208 per month and Husband's income was $4,666 per month. Wife was ordered to pay Husband $401 per month for the support of the two children. Husband was ordered to provide and maintain health insurance for the children.

On February 18, 2004, Wife filed a motion for a new trial or, in the alternative, to amend the judgment. On May 18, 2004, the court entered a judgment sustaining Wife's motion to amend with regard to the division of property, but denying Wife's request for reconsideration and amendment of the child support. On October 29, 2004, Husband filed a "Motion Nunc Pro Tunc" alleging that the court had omitted from its judgment, either by clerical error or mistake, a provision "concerning the

allocation of the unreimbursed medical, dental, orthodontic, counseling and various other expenses of the minor children." On November 17, 2004, the court entered a judgment sustaining Husband's nunc pro tunc motion. The judgment nunc pro tunc ordered that the amended judgment of dissolution of marriage entered on May 18, 2004 be amended to correct the judgment to read that "[a]ll health expenses incurred on behalf of the children and not paid by the health benefit plan shall be paid 50% by [Husband] and 50% by [Wife]." This appeal by Wife followed.

In reviewing this bench-tried case, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *McCallum v. McCallum*, 128 S.W.3d 62, 65 (Mo. App. E.D.2003).

In her only point on appeal, Wife argues the trial court erred in sustaining Husband's nunc pro tunc motion and ordering the parties to share equally in all health expenses of the children not paid by the health benefit plan.

Rule 74.06(a) provides, in pertinent part, that: "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party. . . ."

The purpose of a nunc pro tunc order is to correct clerical omissions or mistakes so that the record speaks the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or properly recorded in the record. *Around the World Importing v. Mercantile*, 795 S.W.2d 85, 88 (Mo.App. E.D.1990). An order nunc pro tunc cannot be utilized to correct judicial inadvertence,

omission, oversight or error, or to conform to what the court intended to do but did not do. *Brunton v. Floyd Withers, Inc.*, 716 S.W.2d 823, 826 (Mo.App. E.D.1986).

We presume that the judgment entered is not the result of clerical error, but, rather, is the judgment the court actually rendered. *Pfeifer v. Pfeifer*, 788 S.W.2d 780, 781 (Mo.App. E.D.1990). The respondent must provide this court with competent evidence demonstrating that a different judgment was in fact entered. *Id.* Furthermore, a clerical error may be corrected only if there is a writing in the record which provides evidence of the judgment as actually rendered as in comparison to the judgment entered. *Roedel v. Roedel*, 788 S.W.2d 788, 790 (Mo.App. E.D.1990).

In its judgment sustaining Husband's nunc pro tunc motion, the court commented that "it was the *intent* of the court that the medical, dental, orthodontic and counseling expenses of the children also be shared equally because there was no basis to differentiate between the treatment of these expenses and the educational, extraordinary and extracurricular expenses." (emphasis added).

There is no evidence in the record that would lead this court to conclude that the trial court's judgment as actually rendered, as opposed to the judgment entered, included a provision indicating that health expenses not covered by the health benefit plan shall be paid 50% by Husband and 50% by Wife. In this case, the nunc pro tunc judgment was not utilized to remedy a clerical error. On the contrary, it is apparent that the trial court attempted to use a nunc pro tunc judgment to correct a judicial oversight or omission. A nunc pro tunc judgment is not the proper means by which a court can amend a judgment so that it includes a provision the court in-

*tended* to include in the judgment. Therefore, the court erred in entering its nunc pro tunc judgment, because there was no evidence of a clerical mistake which needed to be corrected. Point granted.

Based on the foregoing, we reverse and remand to the trial court with directions to set aside the nunc pro tunc judgment.

GEORGE W. DRAPER, III and KENNETH ROMINES, JJ., concur.