IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00307-CR

 

Kenny Dale Jenkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31,259

 



memorandum Opinion



 








            A jury found Kenny Jenkins
guilty on all nine separate counts (as charged in a single indictment) of
aggravated sexual assault and assessed punishment at life imprisonment on all
nine counts.  The trial court ordered that all nine sentences run
consecutively.  In his brief and supplemental brief (which we granted Jenkins
leave to file), Jenkins asserts three issues.  We will affirm.

Sufficiency of the Evidence

In both his original and supplemental
briefs, Jenkins challenges the legal and factual sufficiency of the evidence
regarding the State’s failure to prove venue in Navarro County on each offense,
and for several of the counts, Jenkins alleges that the evidence is
insufficient to prove that he was the perpetrator of the offenses.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).  Any
inconsistencies in the evidence are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
“The court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7.  The
appellate court “does not indulge in inferences or confine its view to evidence
favoring one side of the case.  Rather, it looks at all the evidence on both
sides and then makes a predominantly intuitive judgment. . . .”  Id. (quoting William Powers and Jack Ratliff, Another Look at “No Evidence” and
“Insufficient Evidence,” 69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s determination. 
Watson, 204 S.W.3d at 416-17.

The State has the burden to prove that
venue is proper in the county where the trial is sought.  Proof of venue must
be demonstrated by either direct or circumstantial evidence.  Rangel v.
State, 199 S.W.3d 523, 537 (Tex. App.—Fort Worth 2006, pet. dism’d) (citing
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983)).

We addressed a venue sufficiency
challenge in Witt v. State:

 

Venue is not an element of the offense. 
 Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel
Op.] 1981); State v. Blankenship, 170 S.W.3d 676, 681 (Tex. App.—Austin
2005, pet. ref’d); Henley v. State, 98 S.W.3d 732, 734 (Tex. App.—Waco
2003, pet. ref’d).  Thus, it need be proved by only a preponderance of the
evidence.  See Tex. Code Crim.
Proc. Ann. art. 13.17 (Vernon 2005); Murphy v. State, 112 S.W.3d 592,
604 (Tex. Crim. App. 2003); Fairfield, 610 S.W.2d at 779; Blankenship,
170 S.W.3d at 681; Sudds v. State, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  An appellate court must presume that venue
was proved unless it was challenged in the trial court or the record
affirmatively shows the contrary.  Tex.
R. App. P. 44.2(c)(1); Hernandez v. State, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref’d); Blankenship, 170 S.W.3d at 681; Henley, 98 S.W.3d at 734.

            

In reviewing a challenge to proof of
venue, we apply a modified version of the familiar Jackson v. Virginia
standard for legal sufficiency.  Thus, we view all the evidence in the light
most favorable to an affirmative venue finding and ask whether any rational
trier of fact could have found by a preponderance of the evidence that venue
was proved.  See Duvall v. State, 189 S.W.3d 828, 830 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); Vanschoyck v. State, 189 S.W.3d 333, 336
(Tex. App.—Texarkana 2006, pet. ref’d); Lemoine v. State, 85 S.W.3d 385,
387 (Tex. App.—Corpus Christi 2002, pet. ref’d).  But see Sudds, 140
S.W.3d at 816 (venue will be upheld “if from the evidence the jury may reasonably
conclude that the offense was committed in the county alleged” (quoting Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964))).  Venue will be
upheld if the record contains sufficient evidence to support an affirmative
finding under any of the alternative venue provisions on which the jury was
charged.  Murphy, 112 S.W.3d at 605.

 

Witt
v. State, 237 S.W.3d
394, 399 (Tex. App.—Waco 2007, pet. ref’d) (footnote omitted).  

 

The State argues that venue in Navarro
County was proved for all the charged offenses under article 13.15 of the Code
of Criminal Procedure, which provides in part:  “Sexual assault may be
prosecuted in the county in which it is committed, in the county in which the
victim is abducted, or in any county through or into which the victim is
transported in the course of the abduction and sexual assault.”  Tex. Code Crim. Proc. Ann. art. 13.15
(Vernon 2005).

The victim in this case is M., Jenkins’s
biological daughter, who was first introduced to Jenkins when she was ten years
old.  She testified that soon after meeting him, he began to touch her
inappropriately and then had her engage in frequent sex acts with him,
including oral sex and simulated, if not actual, intercourse.  Count 1 alleged
that, on or about January 24, 2005, in Navarro County, Jenkins intentionally or
knowingly caused the penetration of the mouth of M., a child younger than 14
and not Jenkins’s spouse, by his sexual organ.  M., who was fifteen at the time
of trial, testified about an incident that occurred near Purdon, at the home of
“Eric,” a man whom Jenkins occasionally worked for, and Jenkins had her perform
oral sex on him there while watching a pornographic movie.  The trial court
took judicial notice that Purdon was in Navarro County.  Viewed in a light most
favorable to an affirmative venue finding, a rational trier of fact could have
found by a preponderance of the evidence that venue was proper in Navarro County on Count 1.

Count 2 alleged that, on or about February
14, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the mouth of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  Count 3 alleged that, on or about February 25,
2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration
of the female sexual organ of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  On Counts 2 and 3 (and on several other counts), in
addition to challenging venue, Jenkins challenges his identity as the
perpetrator.  At the beginning of her testimony, M. identified Jenkins as her
“dad,” and throughout her testimony, when she referred to “he” as the person
who committed the various sexual offenses against her, she obviously was
referring to Jenkins.  M.’s entire testimony clearly demonstrates that Jenkins
was the person who committed all the charged offenses against her.  Viewing the
evidence in the light most favorable to the verdict, we find that a rational
trier of fact could have found beyond a reasonable doubt that Jenkins committed
all of the charged offenses of aggravated sexual assault.  The evidence is
legally sufficient.  And considering all of the evidence in a neutral light, we
find that the evidence is factually sufficient to support the jury’s guilty
findings.  The proof of guilt is not so weak nor the conflicting evidence so
strong as to render the jury’s verdict clearly wrong and manifestly unjust.

M.’s testimony established that the two
offenses charged in Counts 2 and 3 occurred on February 14:  oral sex and an
occasion that same day where Jenkins undressed M. and got on top of her.  She
said that it occurred in an “efficiency” by the hospital where Jenkins lived.  Her
entire testimony reflects that all of the offenses occurred either in Jenkins’s
vehicle, in Purdon where Eric lived, or in one of the various places where
Jenkins lived:  the efficiency, in the Paragon hotel, at his ex-wife’s house, or
at his mother’s house in Mesquite, which is in Dallas County.  Obviously
excepting for when Jenkins lived with his mother in Dallas County, M. said that, while Jenkins “moved all the time,” “his house” “[w]ould have been in Corsicana.”  His ex-wife’s  house was in Corsicana.  We agree with the State that by M.’s describing
the February 14 offenses as occurring in the efficiency, and her stating that she
was staying with her mother and Jenkins picked her up and took her to the
efficiency, the offenses did not occur in Dallas County but in Navarro County.  Viewing all of M.’s testimony in a light most favorable to an affirmative
venue finding, a rational trier of fact could have found by a preponderance of
the evidence that venue was proper in Navarro County on Counts 2 and 3.

Count 4 alleged that, on or about March
31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the mouth of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  M. said that she had oral sex with Jenkins in Navarro County in 2005, and she said with certainty that “one or more of those events”
occurred in March of 2005.  Viewed in a light most favorable to an affirmative
venue finding, a rational trier of fact could have found by a preponderance of
the evidence that venue was proper in Navarro County on Count 4.

Count 5 alleged that, on or about June 30,
2005, in Navarro County, Jenkins intentionally or knowingly caused the penetration
of the mouth of M., a child younger than 14 and not Jenkins’s spouse, by his
sexual organ.  M. testified that she went to church camp in June 2005, and when
she returned, she was with Jenkins at “his house” and oral sex occurred.  Viewed
in a light most favorable to an affirmative venue finding, a rational trier of
fact could have found by a preponderance of the evidence that venue was proper
in Navarro County on Count 5.

Count 6 alleged that, on or about August
21, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the mouth of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  M. testified that in August, Jenkins picked her
up at her mother’s house in Corsicana and drove her to his mother’s house in Mesquite, and on the way oral sex occurred.  She was unable to say where they were
geographically when the offense occurred.  The State argues that venue in Navarro County was proved under article 13.15.  We agree.  See Tex. Code Crim. Proc. Ann. art. 13.15
(“Sexual assault may be prosecuted in … any county through or into which the
victim is transported in the course of the abduction and sexual assault.”)
(emphasis added).  Viewed in a light most favorable to an affirmative venue
finding, a rational trier of fact could have found by a preponderance of the
evidence that venue was proper in Navarro County on Count 6.

Count 7 alleged that, on or about August
31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the female sexual organ of M., a child younger than 14 and not
Jenkins’s spouse, by his sexual organ.  The State posits that while M. did not
testify to an act that specifically occurred on August 31, she testified that in
2005, oral sex occurred around thirty times.  She also said that the act of
Jenkins getting on top of her occurred about fifty times, and that some of
those acts occurred at the house of his ex-wife “Mickey” in Corsicana.  The
indictment’s “on or about” language allows the State to prove a date other than
one alleged in the indictment as long as the date is anterior to the
presentment of the indictment and within the statutory limitation period.  See
Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Shea v.
State, 167 S.W.3d 98, 104 (Tex. App.—Waco 2005, pet. ref’d).  Taking into
account the sheer number of offenses and the entire record, and viewing all the
evidence in a light most favorable to an affirmative venue finding, a rational
trier of fact could have found by a preponderance of the evidence that venue
was proper in Navarro County on Count 7.

Count 8 alleged that, on or about October
31, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the mouth of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  M. testified that a specific incident involving
oral sex occurred on Halloween in 2004, not 2005.  She also testified generally
that one or more oral sex acts occurred in Corsicana in October of 2005.  Viewing
the evidence in the light most favorable to the verdict, we find that a
rational trier of fact could have found beyond a reasonable doubt that Jenkins
committed the offense of aggravated sexual assault as charged in Count 8.  The
evidence is legally sufficient.  And considering all of the evidence in a
neutral light, we find that the evidence is factually sufficient to support the
jury’s guilty finding on Count 8.  The proof of guilt is not so weak nor the
conflicting evidence so strong as to render the jury’s verdict clearly wrong
and manifestly unjust.

Count 9 alleged that, on or about November
15, 2005, in Navarro County, Jenkins intentionally or knowingly caused the
penetration of the mouth of M., a child younger than 14 and not Jenkins’s
spouse, by his sexual organ.  M. testified that Jenkins picked her up and took
her to his mother’s house in Mesquite for Thanksgiving of 2005 and that an act
of oral sex occurred there.  While the offense occurred in Dallas County, we agree with the State that venue in Navarro County was proved for Count 9.  See
Tex. Code Crim. Proc. Ann. art.
13.15 (“Sexual assault may be prosecuted in … any county through or into
which the victim is transported in the course of the abduction and sexual
assault.”) (emphasis added).  Viewed in a light most favorable to an
affirmative venue finding, a rational trier of fact could have found by a
preponderance of the evidence that venue was proper in Navarro County on Count 9.

We overrule Jenkins’s first issue.

Pretrial Motion to Quash Indicment

His second issue complains of the trial
court’s denial of his pretrial motion to quash the indictment.  Because there
is no record of the hearing on the motion to quash, we conduct a de novo review
of the trial court’s ruling.  See Moff v. State, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  Citing article 21.24, the motion to quash first complains that
Counts 2 through 9 are defective because they add eight paragraphs that incorrectly
charge eight different offenses, instead of eight different ways of committing
the same offense.  Article 21.24 provides:

Joinder of certain
offenses

 

(a) Two or more offenses may be joined
in a single indictment, information, or complaint, with each offense stated in
a separate count, if the offenses arise out of the same criminal episode, as
defined in Chapter 3 of the Penal Code.

 

(b) A count may contain as many separate
paragraphs charging the same offense as necessary, but no paragraph may charge
more than one offense.

 

(c) A count is sufficient if any one of
its paragraphs is sufficient.  An indictment, information, or complaint is
sufficient if any one of its counts is sufficient.

 

Tex. Code Crim.
Proc. Ann. art. 21.24
(Vernon 2009).

            The term “count” is used to
charge a separate offense; a paragraph is a portion of a count and charges a
method of committing an offense.  Tyson v. State, 171 S.W.3d 172, 177
(Tex. App.—Fort Worth 2005, pet. ref’d).  The motion to quash appears to
confuse the concepts of “counts” and “paragraphs” in article 21.24 because that
statute plainly allows for the joinder of multiple offenses, as was the case
with Jenkins’s indictment.  Counts 2 through 9 do not charge Jenkins with
committing the same offense in eight alternative ways.

            The motion continues in that
confusion by next complaining that Jenkins will be denied due process by
submitting those eight counts disjunctively.  But in this indictment, there
were nine counts, each charging a separate offense, none of which were charged
disjunctively.

            The motion finally appears
to complain that the offenses in Counts 2 through 9 did not arise out of the
same transaction and are not properly joined.  As noted above, article 21.24(a)
allows for joinder of offenses if the offenses arise out of the same criminal
episode.  Penal Code section 3.02(a) provides that a “defendant may be
prosecuted in a single criminal action for all offenses arising out of the same
criminal episode.”  Tex. Pen. Code Ann.
§ 3.02(a) (Vernon 2003).  Criminal episode “means the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon
more than one person or item of property, under the following circumstances: … (2)
the offenses are the repeated commission of the same or similar offenses.”  Id. § 3.01 (Vernon 2003).  Because all of the counts involve the same child victim
and the same two offenses, the indictment falls within the definition of
criminal episode on its face.

            The trial court did not err
in denying Jenkins’s motion to quash the indictment, and we overrule his second
issue.

Ineffective Assistance

 

The third issue asserts that Jenkins’s
trial counsel rendered ineffective assistance by not objecting to the nine life
sentences as cruel and unusual punishment (i.e., grossly
disproportionate without comparing them to sentences in other jurisdictions) and
to their cumulation.  To
prevail on an ineffective
assistance of counsel claim,
a defendant must first show that his counsel’s performance was deficient.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); see Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  It must also be shown that the deficient performance prejudiced the
defendant.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  “This means that the appellant must show
a reasonable probability that, but for his counsel’s unprofessional errors, the
result of the proceeding would have been different.”  Mitchell, 68
S.W.3d at 642.  A “reasonable probability” is one sufficient to undermine
confidence in the outcome.  Strickland, 466 U.S. at 687, 104 S.Ct. at
2064; Mitchell, 68 S.W.3d at 642.

            The trial court had
authority to cumulate, or “stack,” Jenkins’s nine life sentences for the
offenses of aggravated sexual assault arising out of the same criminal episode under
section 3.03(b)(2)(A) of the Penal Code.  See Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2008); see
also Barrow v. State, 207 S.W.3d 377, 381-82 (Tex. Crim. App. 2006).  In
announcing his decision to cumulate the sentences, the trial court stated that
his reason for doing so was “to diminish this defendant’s chance of parole to
the greatest extent possible.”

[A]side from a few specific instances
where the range of punishment depends upon the determination of discrete facts,
“[d]eciding what punishment to assess is a normative process, not intrinsically
factbound.”  Indeed, we have described the jury’s discretion to impose any
punishment within the prescribed range as essentially “unfettered.”  Subject
only to a very limited, “exceedingly rare,” and somewhat amorphous Eighth
Amendment gross-disproportionality review, a punishment that falls within the
legislatively prescribed range, and that is based upon the jury’s (or trial
court’s, in a bench trial) informed normative judgment, is unassailable on
appeal.  The same thing is true for the discretionary decision whether to
cumulate sentences.  The Legislature was not required to provide the option to
cumulate sentences at all.  That the Legislature did so provide, but then
reserved the cumulation aspect of punishment for the judge rather than the
jury, does not change its essentially normative, non-fact-bound character.

 

            The discretionary assessment
of punishment within legislatively prescribed boundaries has long been
ingrained and accepted in American jurisprudence.  In United States v.
Booker, the Supreme Court observed that it has “never doubted the authority
of a judge to exercise broad discretion in imposing a sentence within a statutory
range.”  Further, the Court went on to say, “when a trial judge exercises his
discretion to select a specific sentence within a defined range, the defendant
has no right to a jury determination of the facts that the judge deems
relevant.”  We do not believe that the legislatively endowed, normative
decision whether to cumulate sentences exceeds that level of discretion that
the Supreme Court has always recognized as consistent with due process.  The
Legislature has charged the trial court with the determination of whether to
cumulate, and the trial court is free to make this determination so long as the
individual sentences are not elevated beyond their respective statutory
maximums.

 

Barrow, 207 S.W.3d at 381-82 (citations and footnotes
omitted).

 

            Because, as Barrow
explains, the trial judge had full discretion to cumulate the nine life
sentences, and based upon the trial judge’s reason for cumulating the
sentences, Jenkins cannot show a reasonable probability that, but for his trial
counsel’s failure to object to cumulation, the result would have been different.

            Each of the nine counts of
aggravated sexual assault, a first-degree felony, had a possible punishment
range of imprisonment for life or for any term of not more than 99 years or
less than 5 years.  Tex. Pen. Code Ann.
§ 12.32(a) (Vernon Supp. 2009).  Jenkins was eligible for community
supervision, but the jury assessed punishment on each count at life
imprisonment.

Texas
courts and the Fifth Circuit require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the
elements of the Solem test.  Willis v. State, 192 S.W.3d 585
(Tex. App.—Tyler 2006, pet. ref’d) (citing Solem v. Helm, 463 U.S. 277,
292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983) (proportionality of sentence
is evaluated by considering (1) the offense’s gravity and the penalty’s harshness,
(2) sentences imposed on other criminals in same jurisdiction, and (3)
sentences imposed for commission of same crime in other jurisdictions)); Dunn
v. State, 997 S.W.2d 885, 892 (Tex. App.—Waco 1999, pet. ref’d) (citing McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992)).  In determining whether a
sentence is grossly disproportionate, we consider not only the present offense
but also an accused’s criminal history.  Buster v. State, 144 S.W.3d 71,
81 (Tex. App.—Tyler 2004, no pet.) (citing Davis v. State, 119 S.W.3d
359, 363 (Tex. App.—Waco 2003, pet. ref’d)).  The legislature has the power to
define crimes and prescribe penalties.  Id.  Further, if the sentence
falls within the limits prescribed by a valid statute, the punishment is not
excessive, cruel, or unusual.  Id.

            Jenkins argues that the nine
life sentences are cruel and unusual (i.e., grossly disproportionate) because
“[n]o weapon was used during the commission of the offense and no other injury
occurred.  No one was killed.”  The State argues that the victim was under 14
and was repeatedly sexually assaulted by her biological father.  The State
further points to evidence that Jenkins gave her alcohol and drugs, threatened
and stalked her both physically and emotionally, and the victim suffers from
post-traumatic stress disorder.

            Jenkins has not met the
requirement of a threshold determination that the sentences are grossly
disproportionate to the crime.  Cf. Benton v. State, 237 S.W.3d
400 (Tex. App.—Waco 2007, pet. ref’d) (conviction on two counts of aggravated
sexual assault of disabled individual and sixty-year prison sentence on each
count that trial court ordered to be served consecutively); Reinhard v.
State, No. 10-04-00320-CR, 2005 WL 2787628
(Tex. App.—Waco Oct. 26, 2005, no pet.) (mem. op.) (not designated for
publication) (conviction on one count of aggravated sexual assault of a child, and
sentence of life imprisonment).  Jenkins thus cannot show a reasonable
probability that, but for his trial counsel’s failure to object to the life
sentences as cruel and unusual punishment or to present evidence of punishments
for similar crimes, the result would have been different.

            We overrule Jenkins’s third
issue and, having overruled all of his issues,
affirm the trial court’s
judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment to the extent it affirms the trial court’s judgment.  A separate
opinion will not issue.  He notes, however, that he does not rely on the
portion of article 13.15 of the Code of Criminal Procedure allowing venue “in
any county through or into which the victim is transported in the course of the
abduction and sexual assault” because there is no suggestion that the victim
was abducted.)

Affirmed

Opinion
delivered and filed October 14, 2009

Do
Not Publish

[CRPM]