**STATE of Missouri, Respondent,**

v.

**Clayton Nathaniel PARSONS,
Appellant.**

**No. WD 75289.**

Missouri Court of Appeals,
Western District.

July 23, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Aug.
27, 2013.

Application for Transfer Denied
Oct. 29, 2013.

Robert L. Rice, Maryville, MO, for respondent.

Erika R. Eliason, Columbia, MO, for appellant.

Before Division Three: LISA WHITE HARDWICK, Presiding Judge, MARK D. PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Clayton Parsons ("Parsons") appeals his conviction following a jury trial of the Class A misdemeanor of domestic assault in the third degree. Parsons complains that the trial court erred in refusing to permit him to call witnesses to establish an alibi defense as a sanction for his late endorsement of the witnesses when less drastic remedies would have been sufficient to prevent prejudice to the State. The point of error raised by Parsons lacks merit, and a formal, published discussion related thereto would serve no jurisdictional purpose. Accordingly, we affirm Parsons's conviction by summary order pursuant to Rule 30.25(b). A memorandum explaining the reasons for our decision on this point has been provided to the parties.

We have determined it necessary, however, to exercise our authority, *sua sponte*, to amend the trial court's written judgment to correct a clerical error. This opinion addresses only the amendment of the trial court's judgment.

Parsons was charged by amended information with the class B felony of domestic assault in the first degree, the class C felony of domestic assault in the second degree, and armed criminal action.

The jury acquitted Parsons of Count I (domestic assault in the first degree and the lesser included offense of domestic assault in the second degree). The jury acquitted Parsons of Count II as to the charge of domestic assault in the second degree, but convicted him on that same Count of the lesser included offense of domestic assault in the third degree (a misdemeanor). The jury acquitted Parsons of Count III (armed criminal action). Parsons was sentenced to one year of incarceration in the Nodaway County Jail.

Though Parsons was convicted of domestic assault in the third degree following a trial by jury, the written judgment of conviction entered by the trial court indicates that Parsons was "Found Guilty upon a plea of guilty" of this class A misdemeanor. The judgment form has a series of "boxes" to be checked to reflect the disposition of each count against a defendant. Here, the incorrect box was checked, and the box that should have been checked—"Found Guilty by a jury/court"—was not.

"The error on the judgment form is a clerical error, which is clearly discernable from the record. As such there is a basis to support the amendment of the judgment *nunc pro tunc* in order to correctly reflect [Parsons'] conviction[ ]." *State v. Allison*, 326 S.W.3d 81, 95 (Mo.App. W.D.2010); see Rule 29.12(c).

The clerical error on the judgment form should be corrected to evidence the actual judgment rendered by the trial court "but not carried into or properly recorded in the record." *Andrae v. Andrae,* 171 S.W.3d 170, 172 (Mo.App. E.D.2005).

No purpose would be served in remanding this case for entry of an amended judgment to correct this conceded clerical error. Instead, we elect to exercise the power we are afforded by Rule 30.23 to enter such judgment as the court ought to give to finally dispose of this case. *Allison,* 326 S.W.3d at 95.

The trial court's written judgment is amended by this Opinion to reflect that as to Count 2, Parsons was "Found Guilty by a jury/court." The sentence previously imposed on Count 2 is unaffected by this amendment.

All concur.